UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN ENTO,<br><br>        Plaintiff,<br><br>    v.<br><br>TMZ (HARVEY LEVIN PRODUCTIONS),<br><br>        Defendant. | No.  2:13-cv-2226-KJM-KJN PS<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

      Plaintiff Christian Ento, who is presently incarcerated and proceeding in this action without counsel, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF No. 2.)[1]  Plaintiff's application in support of his request to proceed in forma pauperis makes the showing required by 28 U.S.C. § 1915(a)(1).  Accordingly, the undersigned grants plaintiff's request to proceed in forma pauperis.

      The determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or

---

[1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).  Because this action does not appear to challenge plaintiff's conditions of confinement, the action was classified as a non-prisoner pro se case.

1

malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

Importantly, a federal court also has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996). A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).

In this case, plaintiff, a resident of Sacramento County, summarily alleges that defendant TMZ, alleged to be a television show produced by Harvey Levin Productions and based in Los Angeles, California, committed invasion of privacy, slander, "peeping tom," stalking, and breach of contract. Plaintiff seeks damages, including damages for purported pain and suffering. (ECF Nos. 1, 1-1.) Setting aside the lack of factual allegations in support of plaintiff's claims, the court concludes that it lacks subject matter jurisdiction over the action. Liberally construed, plaintiff's complaint alleges only state law tort and contract claims, and does not assert any federal claims. Furthermore, although plaintiff seeks damages exceeding $75,000, there is no diversity of citizenship, because both plaintiff and defendant are citizens of California. Therefore, the court lacks federal subject matter jurisdiction over the action, and the undersigned thus recommends that the action be dismissed on that basis. However, such dismissal should be without prejudice, allowing plaintiff to pursue his claims in state court if he so desires.

Accordingly, for the reasons outlined above, IT IS HEREBY ORDERED that plaintiff's motion to proceed in forma pauperis (ECF No. 2) is GRANTED.

IT IS ALSO HEREBY RECOMMENDED that:

1. The action be DISMISSED WITHOUT PREJUDICE based on lack of federal subject matter jurisdiction.

    2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated:  October 29, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE